## Commonwealth v. Pyatt

*James F. Marsh,* District Attorney, for Commonwealth.

*David Katz,* for defendant.

WILLIAMS, *P.J.,* January 8, 1976—Defendant is charged with violation of section 2705 of the Crimes Code of December 6, 1972, P. L. 1482 (No. 334), 18 Pa.C.S. §2705, which provides:

"A person commits a misdemeanor of the second degree if he recklessly engages in conduct which

places another person in danger of death or serious bodily injury."

Defendant asserts that this section of the Crimes Code is unconstitutional in that the crime is defined in terms so vague that men of ordinary intelligence must necessarily guess at its meaning and differ as to its application and this violates the due process requirements of both the Federal and State Constitutions. Counsel cite Chester v. Elam, 408 Pa. 350, 184 A.2d 257 (1962), in support of his contention.

The section under attack must be considered along with sections 302b(3) and 2301 of the Crimes Code, supra.

Section 302(b)(3), 18 Pa.C.S. §3026(3), defines the term reckless in this manner:

"(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation."

Section 2301, 18 Pa.C.S. §2301, defines "serious bodily injury" as follows:

"Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

When sections 302b(3), 2301 and 2705 are read together, any vagueness which may be present in section 2705 disappears.

Chester v. Elam, supra, is inapposite. There, the

municipal ordinance failed to define the elements of disorderly conduct. The Crimes Code does define the elements of the crime of recklessly endangering another person.

The elements of the crime charged are:

(1) Defendant must have engaged in *reckless* conduct.

(2) The reckless conduct must have placed another in danger of *death* or *serious bodily harm*.

Since "recklessly" and "serious bodily injury" are specifically defined by the Crimes Code, and the words "danger" and "death" are common and easily understood words and require no statutory definition to understand, we find no violation of the due process requirements of either the Pennsylvania or United States Constitutions.

## ORDER

And now, January 8, 1976, petition for pretrial relief is denied.